## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**THEODORE VINCENT HORN II,**      )
                                    )
        **Petitioner,**    )
                                    )
**v.**                              )
                                    )   **Case No. 16-3156-CM**
**STATE OF KANSAS, et al.,**        )
                                    )
        **Respondents.**   )
                                    )

### MEMORANDUM AND ORDER

Theodore Vincent Horn II, a prisoner housed by the Kansas Department of Corrections, filed a pro se petition for writ of habeas corpus (Doc. 1). Petitioner was convicted in state court of first degree murder and sought a writ pursuant to 28 U.S.C. § 2254, arguing that his constitutional rights were violated by over thirty acts. Before filing the instant petition in federal court, petitioner filed five habeas petitions in state court.

On December 7, 2018, this court denied habeas relief. Since that time, petitioner has (1) appealed the court's decision; (2) filed a motion for reconsideration (Doc. 32); (3) filed a motion to alter or amend judgment (Doc. 35); and (4) filed a "Motion for a Substantial Showing of the Denial of a Constitutional Right Pursuant to 28 U.S.C.S. § 2253(c)(2)" (Doc. 39). The Tenth Circuit abated the appeal for the court to rule on petitioner's motions. For the following reasons, the court dismisses in part and denies in part two of the motions and denies the third.

Petitioner's first two motions are seeking the same outcome: that the court alter or amend its judgment. In fact, the motions are nearly identical. If a habeas petitioner files a Rule 59(e) motion, the court must first examine whether the motion is a true motion to alter or amend judgment. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ((discussing Rule 59(e)); *Spitnas v. Boone*, 464

-1-

F.3d 1213, 1216 (10th Cir. 2006) (applying Rule 60(b)). The motion may actually be a second or successive habeas petition. The question is whether the motion: (1) "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"; or (2) challenges one of the court's procedural rulings that precluded resolution of the habeas petition on its merits; or (3) challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitnas*, 464 F.3d at 1215–16. Motions falling under the first category should be treated as second or successive petitions. Motions falling under the second or third category are treated as any other Rule 59(e).

If the court finds that petitioner's motion is actually a second or successive petition, then it treats it accordingly, referring the matter to the Tenth Circuit for authorization if "it is in the interest of justice to do so." *Id.* at 1217; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If the motion is "mixed," the court will also take mixed action: treating the Rule 59(e) portions as such, and forwarding the remainder to the Tenth Circuit for authorization if appropriate. *Id.*

Both of petitioner's motions to reconsider and for Rule 59(e) relief raise the same arguments that petitioner raised in his § 2254 petition. In this court's order denying habeas relief, the court considered many of petitioner's arguments on their merits. But the court also found that many of his arguments were procedurally defaulted. Because the nature of this court's rulings was mixed, so too are petitioner's motions mixed. The court therefore treats the merits-based arguments of petitioner's motions as second or successive habeas petitions, and the arguments challenging the court's procedural default rulings as Rule 59(e) requests. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005) ("The term 'on the merits' has multiple usages. . . . We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a

movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.").

Second or Successive Petition

As for the first category, petitioner again asks the court to overturn the state court decisions. These arguments reassert a basis for relief from petitioner's conviction. The challenges would lead "inextricably to a merits-based attack on the disposition of [his] prior habeas petition." *Spitnas*, 464 F.3d at 1216. In fact, they are nothing BUT a merits-based attack on the disposition of his prior petition. Petitioner is not merely challenging a procedural ruling or a defect in the integrity of the proceeding. Instead, he asks the court to review his request for habeas relief. For these reasons, the court determines that these portions of petitioner's motions are properly construed as a second or successive petition.

Under 28 U.S.C. § 2254, petitioners seeking to file a second or successive motion must first obtain authorization from the court of appeals before the district court can consider the motion. 28 U.S.C. § 2244(b)(3)(A). To obtain authorization, the petitioner must demonstrate that the motion is based on a new constitutional rule or on newly discovered evidence. *See id.* § 2244(b)(2). When a second unauthorized § 2254 petition is filed, the court has discretion in determining whether to transfer the action to the circuit court or dismiss the action without prejudice. *See In re Cline*, 531 F.3d at 1251; *see also* 28 U.S.C. § 1631.

The Tenth Circuit has provided guidance on determining when a transfer would be in the interest of justice. *In re Cline*, 531 F.3d at 1251. The court ordinarily considers several factors in evaluating whether a transfer is in the interest of justice: (1) whether the claims would be time-barred;

-3-

(2) the merits of the claims; and (3) the good faith of the filer. *Id.* at 1251. Because petitioner's motion is merely seeking to re-raise claims addressed by the court, these factors have little relevance here. Section 2244(b)(2) identifies two situations in which a second or successive motion is certifiable: (1) certain newly discovered evidence exists; or (2) certain new rules of constitutional law have been announced. There is no new evidence since the court issued its decision. Neither have any new rules of constitutional law been announced. The court also finds no indication that petitioner's claims have merit; they are merely a rehashing of claims previously rejected by the court. The court therefore finds that it is not in the interest of justice to transfer the case. The court dismisses these portions of petitioner's motions without prejudice.

### Rule 59(e)

The court next turns to the second category of arguments: those the court determined were procedurally defaulted. These are examined under the standards of Rule 59(e). A party may demonstrate entitlement to relief from judgment under Rule 59(e) by showing a change in law, new evidence, or a "need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (identifying elements for a motion to reconsider, which mirror those for a Rule 59(e) motion).

Petitioner has not made this showing. The court fully evaluated the reasons for applying procedural default to many of his claims. The law has not changed; petitioner has not offered new evidence; and he has not shown a clear error or the need to prevent manifest injustice. Instead, he reiterates his previous arguments about ineffective assistance of counsel. The court did not find those arguments persuasive the first time, and will not reconsider those rulings now. Petitioner's request for Rule 59(e) relief is denied.

### Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2254 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). The court has already found that its conclusions are not debatable among reasonable jurists and that the issues presented do not merit further proceedings. Nothing in petitioner's motion titled "Motion for a Substantial Showing of the Denial of a Constitutional Right Pursuant to 28 U.S.C.S. § 2253(c)(2)" undermines these determinations. For the reasons stated in the court's prior decision, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's motion to reconsider (Doc. 32) is denied in part and dismissed in part without prejudice as a second or successive § 2254 petition.

**IT IS FURTHER ORDERED** that petitioner's motion to alter or amend judgment (Doc. 35) is also denied in part and dismissed in part without prejudice as a second or successive § 2254 petition.

**IT IS FURTHER ORDERED** that petitioner's "Motion for a Substantial Showing of the Denial of a Constitutional Right Pursuant to 28 U.S.C.S. § 2253(c)(2)" (Doc. 39) is denied.

The Clerk of the Court shall forward this Memorandum and Order to the Tenth Circuit Court of Appeals to supplement the record on appeal.

Dated this 12th day of April, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**